IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAL WALKER, | ) |
|     Plaintiff, | ) No. 21 C 2648 |
| v. | ) Magistrate Judge M. David Weisman |
| CITY OF CHICAGO, et al., | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff asks the Court to compel defendants to answer discovery concerning the confidential informant ("CI") whose information defendants allegedly relied on to obtain the search warrant that lead to plaintiff's arrest. For the reasons set forth below, the Court denies the motion [53].

**Discussion**

Plaintiff alleges that Chicago police officers Diblich and Ohle falsely stated in their reports about the execution of a search warrant that plaintiff admitted possessing ammunition found during the search. Plaintiff further alleges that the fabricated evidence was used to obtain his wrongful conviction for unlawful use of a weapon by a felon and that defendants conspired to secure his conviction with this evidence. Plaintiff served discovery on defendants asking them to identify the CI. (*See* ECF 53-6 ¶ 3; ECF 53-7 ¶ 3; ECF 53-8 ¶ 3; ECF 53-9 ¶ 2; ECF 53-11 ¶ 2.) Defendants objected on the grounds of relevance and the CI privilege.

The Court overrules the relevance objection. Though not necessarily pivotal to plaintiff's claim, the existence and/or identity of the CI is relevant to defendants' credibility. Thus, relevance is not a basis for withholding discovery about the CI.

However, the objection based on the CI privilege is well taken. The CI privilege "is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The CI privilege applies in both civil and criminal cases, but "the privilege is more likely to give way in a criminal proceeding than in a civil one." *Wade v. Ramos*, 26 F.4th 440, 445 (7th Cir. 2022). "To overcome the privilege, the party seeking disclosure has the burden of demonstrating a need for the identity of the informant that outweighs the public's interest in effective law enforcement." *Guzman v. City of Chi.*, 242 F.R.D. 443, 447 (N.D. Ill. 2007); *see United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994) (stating that a party

who attempts to overcome the CI privilege does so "in the face of an assumption that the privilege should apply"). "Thus, the privilege 'will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful.'" *Guzman*, 242 F.R.D. at 447 (quoting *Dole v. Local 1942, Int'l Bhd. of Elec. Workers, AFL-CIO*, 870 F.2d 368, 373 (7th Cir. 1989)). "Instead, the discovery proponent must show that the identification of the informant or of a communication is essential to a balanced measure of the issues and the fair administration of justice." *Id.*

Plaintiff asserts that he has overcome the CI privilege because he believes Diblich made up the CI and the information allegedly provided by the CI to obtain the search warrant. (ECF 54 at 7.) Even if that were true, it would not prove that defendants made false statements in their reports or conspired to use those statements against plaintiff at his trial, which is the only remaining claim in this suit.[1] Rather, at most, the CI evidence might cast doubt on defendants' credibility. That kind of bare speculation that the CI information might possibly be useful is insufficient to overcome the privilege. *Guzman*, 242 F.R.D. at 447. Accordingly, plaintiff's motion to compel [53] is denied.

**SO ORDERED.**                    **ENTERED: October 6, 2022**

**M. David Weisman**
**United States Magistrate Judge**

---

[1] The cases plaintiff cites are inapposite because, unlike this one, they involved claims for unconstitutional searches pursuant to warrants that were obtained using information from an unreliable CI. *Tate v. City of Chi.*, No. 18 C 7439, 2021 WL 1885991 (N.D. Ill. May 11, 2021); *Heffernan v. City of Chi.*, No. 10 C 7564, 2012 WL 642536 (N.D. Ill. Jan. 24, 2012); *Coleman-Johnson v. Chi., Ill. Police Officers*, No. 95 C 3455, 1996 WL 66140 (N.D. Ill. Feb. 13, 1996).