IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:21-cv-02648 |
| | ) | Honorable Edmond E. Chang |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO ALTER JUDGMENT PURSUANT TO RULE 59(e)**

NOW COME DEFENDANTS, Chicago Police Department Officers Matthew Diblich and Darren Ohle (collectively "Defendant Officers"), by their undersigned attorneys, and hereby present their Response to Plaintiff's Motion to Alter or Reconsider Judgment Pursuant to Rule 59(e) and in support thereof, state as follows:

**INTRODUCTION**

Plaintiff cannot demonstrate any manifest error by this Court and his Rule 59(e) motion to reconsider must be denied. On January 30, 2025, after a full briefing of the issues, this Court granted Defendants' Motion for Summary Judgment with prejudice. Dkt. 160, 161. Plaintiff asks the Court to reconsider its ruling based on nothing more than a re-hashing of the same unsuccessful arguments he raised at summary judgment. *See* Pl.'s Mot. to Alter or Reconsider Judgment ("MTR"), Dkt. 166. In his motion, Plaintiff merely pays lip service to the high threshold required to alter judgment under Rule 59(e), as the motion falls woefully short of establishing manifest error. Because the Court properly applied controlling law to the facts of this case, Plaintiff's motion must be denied.

1

**ARGUMENT**

Federal Rule Civil Procedure 59(e) allows the court to alter or amend a judgment if the moving party (1) can demonstrate a manifest error of fact or law, or (2) present newly discovered evidence. *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Plaintiff does not argue newly discovered evidence warrants relief. Instead, Plaintiff argues the Court committed: (1) a manifest error of fact when it found that he relied only on Defendant Officers' trial testimony to support his fabrication claim and not also on allegedly fabricated police reports and, (2) a manifest error of law when it found Plaintiff could not premise his due process claim on police reports that were not used at trial. MTR, Dkt. 166, p. 3. Plaintiff's arguments ring hollow where the Court did not commit a manifest error of fact or law. In his MTR, Plaintiff simply recites his summary judgment response brief while ignoring the arguments and citations in Defendant Officers' motion for summary judgment ("MSJ") brief and reply (Dkts. 125, 142). The MSJ briefs already addressed each of the claims Plaintiff recycles in his Rule 59(e) motion. *See Schmude v. Sheahan*, 318 F. Supp. 2d 606, 654 (N.D. Ill. 2004) ("The law is clear that Rule 59(e) motions are not the proper vehicle for revisiting issues and recapitulating arguments that were decided by the court before rendering its original decision."). Relief under Rule 59(e) is an extraordinary remedy reserved for the exceptional case. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). This is far from that case.

**I.       THE COURT'S SUMMARY JUDGMENT RULING CONTAINED NO MANIFEST ERRORS OF FACT OR LAW.**

The Court properly analyzed the facts and law when it ruled in favor of Defendant Officers finding that Plaintiff's Fourteenth Amendment Due Process claim of evidence fabrication fails as a matter of law because (1) the allegedly fabricated evidence, two police reports referencing inculpatory admissions by Plaintiff, were **not** admitted or referenced at Plaintiff's criminal trial and, (2) Defendant Officer Diblich's trial testimony regarding Plaintiff's admissions (Defendant Officer Ohle did not testify about the contested admission) was protected by absolute testimonial immunity pursuant to

2

*Briscoe v. Lahue*, 460 U.S. 325 (1983).[1] MSJ Order, Dkt. 160; *see* Def. MSJ, Dkt. 125. In his motion to reconsider, Plaintiff does not substantively contest that neither officers' trial testimony can support a fabrication claim due to the immunity conferred by *Briscoe* and as such, opposition to this portion of the Court's order dismissing the case is waived.

Plaintiff argues there were manifest errors of fact and law with respect to the Court's ruling that the allegedly fabricated police reports could not support Plaintiff's due process claim. MTR, Dkt. 166, p. 3. Manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation and citation omitted) (holding that plaintiff's Rule 59 motion was properly rejected where it "merely took umbrage with the court's ruling and rehashed old arguments."); *Stelter v. Meli*, 2017 WL 663546 (E.D. Wis., Feb. 17, 2017) (Manifest errors are errors so obvious that no additional explanation is needed or possible. "For example, if a court on summary judgment refused to draw a reasonable inference in favor of a nonmoving party, the court's error would be manifest: no explanation of the error would be necessary or possible"). In determining whether to grant Rule 59(e) relief, the court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts. *Lucio v. Stewart*, 2014 WL 11381098, *1 (S.D. Ill., Oct. 17, 2014). As the Seventh Circuit has recognized, "true manifest errors of law or fact, in which the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension are rare…and the [Rule 59(e)] motion to reconsider should be equally rare." *Id.* (internal quotation and citation omitted). A Rule 59(e) motion is not meant to allow a party to undo its errors made in the district court before the judgment.

---

[1] Defendant Officers' MSJ was also granted as to the conspiracy claim, which Plaintiff does not address in his Rule 59(e) motion, so it will not be addressed in this response, nor will Defendants' summary judgment argument regarding the insufficient personal involvement of Officer Ohle.

3

*Waterman*, 1 F. 4th at 483. Here, Plaintiff fails to establish what precedent the Court failed to recognize or misapplied. Instead, Plaintiff cites the same cases he relied on in summary judgment, using the same analysis, which this Court considered and rejected. MSJ Order, Dkt. 160, p. 9.

### A. There was no manifest error of fact.

Plaintiff's contention that the Court made a manifest factual error by failing to consider the police reports as part of his fabrication claim is plainly incorrect. The Court considered this argument and found the fabrication claim could not be predicated on a police report that was not admitted at trial or used to refresh either officer's memory. MTR, Dkt. 166, p. 3. Clearly, the Court *did* address the argument in Defendant Officers' MSJ that neither the officers' testimony, *nor the report*, could support Plaintiff's Fourteenth Amendment Due Process claim. *See* Def. MSJ, Dkt. 125, p.11-15. Plaintiff's protestation that his due process claim included the reports is superfluous where Defendant Officers' MSJ addressed why Plaintiff's Fourteenth Amendment Due Process claim of evidence fabrication could not be supported by the police reports (Dkt. 125, p. 9-12) or Defendant Officers' trial testimony (Dkt. 125, p. 12-15). This Court considered and rejected both arguments when it held Plaintiff could not premise his due process claim on the officers' testimony (dkt. 160, p. 8-9) or the report where it "was not admitted at trial or otherwise used to refresh either officer's memory during the trial." MSJ Order, Dkt. 160, p. 9. This holding by the Court, referenced by Plaintiff as an error of law, undermines Plaintiff's claim that the Court did not address his allegation that the reports were part of his fabrication claim. In short, where the Court did address the viability of the fabrication claim with respect to the police reports, there was no manifest error of fact.

To the extent Plaintiff's Rule 59(e) motion argues manifest error of fact because the reports impacted Plaintiff's "arrest, the pre-trial detention and existence of the proceedings themselves that culminated in a trial where the content of those reports were introduced against Plaintiff" MTR, Dkt. 166, p. 6, this argument too, must be rejected. First, Plaintiff never argued at summary judgment that

4

the reports impacted his arrest or pre-trial detention, and he cannot raise that argument for the first time now.[2] Second, as explored further below, unlawful arrest and pretrial detention based on fabricated evidence is a Fourth Amendment claim, not a Fourteenth Amendment claim, and there is no Fourth Amendment claim in this case. Finally, Plaintiff's argument the contents of the reports were introduced against him at trial was addressed at length at summary judgment and is foreclosed by *Briscoe* when the contents were introduced via the officers' testimony as explained in *Brown v. City of Chicago,* also further addressed below. Def.'s MSJ, Dkt. 125, p. 13-15; *Brown,* 633 F. Supp. 3d 1122, 1159-60 (N.D. Ill. 2022) (citing *Briscoe,* 460 U.S. at 327) (*Briscoe* foreclosed due process claim based on false trial testimony even where testimony was consistent with fabricated but unadmitted police reports.)

### B. There was no manifest error of law.

Plaintiff argues this Court made a manifest error of law where it found the unadmitted and unreferenced police reports could not support Plaintiff's due process fabrication claim. MTR, Dkt. 166, p. 9. Plaintiff again fails to meet the high bar of establishing manifest error. This Court relied on Seventh Circuit precedent in *Patrick, Avery* and *Bianchi* to support its ruling that where the reports were neither admitted or otherwise referenced at trial, they could not support a due process fabrication claim. MSJ Order, Dkt. 160, p. 7-9 (Plaintiff has a viable due process claim when he "alleges that evidence…was knowingly fabricated and then introduced at trial…Indeed, introduction at trial is a *required* element of an evidence-fabrication claim"). Plaintiff has not identified any controlling case law that the Court misapplied, misinterpreted or ignored. *See Murdale True Value v. Richardet*, 2010 WL 11566102, *2 (S.D. Ill., March 9, 2010) ("Rule 59(e) relief is appropriate where the court seriously

---

[2] *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (affirming dismissal where "appellant had the opportunity to make this argument during the summary judgment proceedings" and motions to reconsider were not an opportunity to present arguments that could have been previously raised); *Lockhart v. St. Bernard Hosp.*, 538 Fed. Appx. 720, 721 (7th Cir. 2013) (a motion under Rule 59(e) does not allow a party to advance arguments that could have been presented prior to the judgment).

5

misunderstood the facts or simply refused to apply controlling law...[plaintiff] falls far short of satisfying the standard for Rule 59(e) relief. [He] has identified no controlling precedent which this Court ignored, overlooked or failed to follow…has identified no manifest error of fact by the undersigned Judge.").

Plaintiff states that "Seventh Circuit precedent does not require admission of reports at trial" and attempts to limit the holding of *Patrick* arguing that while *Patrick* finds the admission of allegedly fabricated reports at trial sufficient to establish causation, introduction is not required. MTR, Dkt. 166, p. 6, 7. This is incorrect. In *Patrick*, the district court instructed the jury that to succeed on his evidence fabrication claim involving an allegedly fabricated written confession and lineup report, the plaintiff must prove by a preponderance of evidence (1) that the defendant knowingly fabricated false evidence, (2) that the evidence was used to deprive the plaintiff of his liberty "in some way," and (3) that the fabricated evidence proximately caused the plaintiff to be damaged. *Patrick v. City of Chicago*, 974 F. 3d 824, 834 (7th Cir. 2020). The Seventh Circuit stated "[t]his instruction was incomplete in that it failed to explain that [plaintiff] had the burden to prove that the fabricated evidence was used against him at his criminal trial and was material." *Id.* The Seventh Circuit has thus instructed that usage at trial is the particular way that a plaintiff must show the fabricated evidence deprived him of his rights when bringing a Fourteenth Amendment fabrication claim. Here, where Plaintiff does not contest that the allegedly fabricated reports were not admitted or referenced at trial, and where Plaintiff fails to point to *any* case law this Court disregarded, misapplied or failed to recognize as controlling precedent, as is required to establish a manifest error of law, Plaintiff's motion must be denied. *See Oto*, 224 F.3d at 606.

Dissatisfied with the controlling precedent which requires the actual reference of allegedly fabricated evidence at trial to establish a due process claim, Plaintiff attempts to manipulate case law holdings to establish manifest error. He first does this by arguing the reports themselves need not be

6

referenced at trial and misconstrues the Seventh Circuit's language "used in some way" to mean a due process fabrication claim is sufficient where the content of the reports are admitted: "Defendants fabricated false evidence (the 'on-scene admissions'), wrote that evidence down in police reports, then caused that evidence to be used at trial as the linchpin of the prosecution case." MTR, Dkt. 166, p. 5, 9.³ But this is just a backdoor way of arguing *Briscoe's* immunity should be pierced where the allegedly fabricated confession was used/introduced at trial *solely* through the officers' testimony. This is the same unsupported argument Plaintiff made at summary judgment which was rejected by the Court.

As Defendants established in their MSJ, courts in this district have rejected the argument that where trial testimony is consistent with the content of unadmitted reports, there is a viable claim; instead, courts have found that to establish the "used in some way" of allegedly fabricated material at trial, some reference to those actual materials must have been made at trial. Def.'s MSJ, Dkt. 125, p. 9-10; Reply, Dkt. 142, p. 3-4. Again, the Due Process right is one to a fair trial and Plaintiff relies on the same inapposite cases he cited at summary judgment, *Avery, Whitlock, Fields* and *Hurt,* in which the allegedly fabricated reports *were* referenced at trial or where the facts are distinguishable. *See Avery v. City of Milwaukee,* 847 F. 3d 433 (7th Cir. 2017) (allegedly fabricated reports *were* introduced at trial); *Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012) (prosecutor not entitled to qualified immunity for fabricating witness testimony introduced at trial); *Fields v. Wharrie*, 740 F.3d 1107 (7th Cir. 2014) (allegedly fabricated trial testimony from civilian third-party witness not entitled to testimonial immunity); *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2019*), overruled by Lewis,* 914 F.3d 472 (pretrial detention fabrication claim). *See also, Cruz v. Guevara,* 2024 WL 4753672, *7 (N.D. Ill. November 12, 2024).

---

³ Plaintiff repeatedly makes the confusing argument that it was the reports' "impact on the criminal proceedings that completed the constitutional violation," MTR, dkt. 166, p. 1-2, 5, without specifying, through any citation to the record, how reports not referenced at trial impacted the trial. Plaintiff's claim that prosecutors and defense attorneys make trial decisions based on police reports is too vague, speculative and unsubstantiated to survive summary judgment.

In *Brown v. City of Chicago*, the Court analyzed the identical issue presented here and succinctly distinguished *Avery, Taylor, Hurt, Fields* and *Jones*— the same cases Plaintiff relied on at summary judgment and regurgitates now:

> [Plaintiff] argues that a fabricated-evidence claim can succeed so long as the manufactured evidence was "used to deprive plaintiff of his liberty." The Seventh Circuit has rejected this standard for Fourteenth Amendment evidence-fabrication claims, which require a showing that the evidence was used at trial. *See Patrick v. City of Chicago*, 974 F.3d 824, 835 (7th Cir. 2020). Plaintiff's other citations are similarly unpersuasive. He misplaces reliance on Fourth Amendment pre-trial detention cases that predate *Patrick*. *See Lewis v. City of Chicago*, 914 F.3d 472, 479 (7th Cir. 2019); *Hurt v. Wise*, 880 F.3d 831, 844 (7th Cir. 2019), *overruled by Lewis*, 914 F.3d 472; *Jones v. City of Chicago*, 856 F.2d 985, 991 (7th Cir. 1988). [Plaintiff's] citation to *Fields* is similarly off-point, as the line of dicta he cites concerns whether a prosecutor is entitled to absolute immunity rather than the elements of an evidence-fabrication claim. *See Fields v. Wharrie*, 740 F.3d 1107, 1112 (7th Cir. 2014) (finding no absolute immunity for prosecutor whose "fabrication of evidence harmed the defendant before and not just during the trial, because it was used to help indict him").

*Brown,* 633 F. Supp. 3d at n.35. Defendant Officers addressed these cases and distinguished them in their summary judgment reply; accordingly, Plaintiff's motion to reconsider is nothing more than a rehash of previously addressed arguments without any real claim of manifest error. *See* Def. MSJ Reply, Dkt. 142, p. 5-9. Rule 59 is not a vehicle for rehashing arguments previously presented to the court and a movant's mere disagreement with a court ruling is insufficient to establish a manifest error of law. *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014); *Oto,* 224 F.3d at 606; *Hukic v. Aurora Loan Services Inc.*, 2007 WL 9724209, *1 (N.D. Ill., Oct. 23, 2007) (citation omitted) (where case was fully briefed at summary judgment, plaintiff's "motion brings nothing new to the table and is merely an attempt to revisit issues and arguments [already] decided").

Plaintiff cites no legal support for his "framing" that pretrial fabrications can "manifest at trial" without being introduced at trial (outside of immunized testimony). MTR, Dkt. 166, p. 10 FN 3. Setting aside for a moment that no case law supports this position, and in fact, *Patrick*, *Brown* and the Northern District cases cited in this motion hold the opposite, Plaintiff does not define what it means to "manifest at trial." Indeed, under Plaintiff's amorphous theory, since there need not be any

8

explicit introduction of the fabricated evidence at trial, a plaintiff could simply allege fabricated evidence was created– and then tell a jury that "of course it was used at the trial" without any evidence to support that claim aside from immunized testimony.[4] Plaintiff misconstrues the Seventh Circuit's holding that defendants cannot immunize fabrications through their testimony, where this language contemplates that an officer cannot fabricate evidence, for example, a written confession, admit that written statement into evidence at trial, and then immunize his liability for that written statement by testifying about the confession. Clearly, that is not the fact scenario in this case.

Plaintiff's remaining citations (re-hashed from his summary judgment response, dkt. 133, p. 6, 12, 16) are irrelevant to the issue presented in this case: whether plaintiff may base his Fourteenth Amendment fabrication claim on police reports that were never introduced at trial and testimony protected by immunity.[5] MTR, Dkt. 166, p. 7-8. Similarly, Plaintiff's footnote No. 2 at p. 8 contains a lengthy string cite of immaterial cases, all of which either address irrelevant issues or pre-date *Patrick*, and cannot establish manifest error as <u>none</u> of the cited cases hold that post *Patrick,* a Fourteenth Amendment due process fabrication claim can survive summary judgment where the allegedly fabricated *evidence* was **not** introduced at trial.[6]

---

[4] In fact, Plaintiff explicitly suggests just this– overruling *Briscoe* and allowing an officer's testimony alone to provide the basis for liability: "the reports supplied the basis for the conviction because their content was introduced (via testimony) at trial. All of this is beyond sufficient to demonstrate that that the reports impacted Walker's liberty 'in some way.'" MTR, Dkt. 166, p. 9.

[5] *See Anderson v. City of Rockford*, 932 F.3d 494, 510 (7th Cir. 2019) (partially dismissing fabrication claim involving allegedly coerced witness statements and allowing evidence of the fabricated testimony of two *civilian* witnesses); *Stinson v. Gauger,* 868 F. 3d 516, 527 (7th Cir. 2017) (testimonial immunity did not protect defendant odontologist experts where there was evidence they knowingly manipulated bite mark evidence and the plaintiff's dentition to make them appear to match ); *Jones v. City of Chicago*, 856 F.2d 985, 991 (7th Cir. 1988) (Fourth Amendment pre-trial detention case that long predates *Patrick*).

[6] *See Mendoza v. City of Chicago*, 2024 WL 1521450 (N.D. Ill. Apr. 8, 2024) (finding plaintiff could bring fabrication claim where he pled guilty); *In re Watts Coordinated Pretrial Proc.*, 2022 WL 9468206 (N.D. Ill. Oct. 14, 2022) (same); *White v. City of Chicago*, No. 17-cv-02877, 2018 WL 1702950 (N.D. Ill. Mar. 31, 2018) (same); *Washington v. Boudreau*, 2022 WL 4599708 (N.D. Ill. Sept. 30, 2022) (denying summary judgment where allegedly fabricated evidence was introduced at trial); *Taylor v. City of Chicago*, No. 14 C 737, 2021 WL 4401528 (N.D. Ill. Sept. 27, 2021) (defendant officers referenced the allegedly fabricated report at trial and testified about the contents of the report itself, specifically referencing the report on direct and cross-examination); *Serrano v. Guevara*, No. 17 CV 2869, 2020 WL 3000284, at *17 (N.D. Ill. June 4, 2020) (concluding that allegedly fabricated evidence was

The only post-*Patrick* Northern District case at the time of summary judgment briefing which directly addressed this issue, *Arthur Brown,* held that unreferenced reports could not support a Fourteenth Amendment fabrication claim, even if defendant officers testified to the contents of the report. Def. MSJ, Dkt. 125, p. 13-14. Further undermining the merit of Plaintiff's manifest error argument, since summary judgment briefing began, **four** additional Northern District courts, addressing **identical** issues at summary judgment, have come to the same conclusion as this Court and found that a Fourteenth Amendment Due Process claim cannot be supported by unadmitted and unreferenced police reports. *See Rios v. Guevara*, No. 22 CV 3973, 2024 WL 5119954, *11 (N.D. Ill. December 16, 2024) (dismissing fabrication claim where none of the allegedly offending police reports were admitted at Plaintiff's trial); *Pitts v. Clausell Ray*, 1:20-cv-07355, Dkt. 108, p. 3 (N.D. Ill. December 12, 2024) (attached hereto as Exhibit 1) (dismissing fabrication claim where plaintiff alleged defendant fabricated his trial testimony and his police report, but report was not admitted at trial and testimony was immunized); *Zambrano v. City of Joliet*, No. 21-cv-4496, 2024 WL 532175, *7-11 (N.D. Ill. February 9, 2024) (dismissing due process claim where police report containing plaintiff's allegedly fabricated inculpatory statement was not admitted at trial and testimonial immunity protected defendant's testimony and use of the report to prepare for trial); *Cruz v. Guevara,* No. 23 CV 4268, 2024 WL 4753672, *6-7 (N.D. Ill. November 12, 2024) (rejecting plaintiff's argument that he did "not need to plead that the fabricated evidence was actually used against him at his trial" and dismissing fabrication claim "where the purportedly fabricated statements…could not have been material[7] to the jury's

---

not material to plaintiff's conviction); *Patrick v. City of Chicago*, 213 F. Supp. 3d 1033, 1050 (N.D. Ill. 2016) (plaintiff's allegedly fabricated written confession was introduced at trial); *Sumling v. Vill. of E. Dundee,* 2015 WL 5545294 (N.D. Ill. Sept. 18, 2015) (holding plaintiff's due process claim could survive motion to dismiss stage); *Gregory v. City of Louisville*, 444 F.3d 725, 741 (6th Cir. 2006) (out of circuit, pre-*Patrick* analysis on absolute immunity).

[7] The fabricated evidence must be material to support a due process violation. In *Moran v. Calumet City*, the Seventh Circuit found the allegedly fabricated evidence was not material because it was not introduced at trial. 54 F.4th 483, 498 (7th Cir. 2022). *Moran* dismissed the plaintiff's argument that an altered police report

10

judgment because they were never introduced at Cruz's trial").[8] Like this Court and the *Brown* court, all four cases relied on Seventh Circuit precedent in *Patrick* in granting dismissal of the fabrication claims. In short, reconsideration is not appropriate in this case and Plaintiff's motion must be denied. *See Hukic v. Aurora Loan Services Inc.*, 2007 WL 9724209, *1 (N.D. Ill., Oct. 23, 2007) (reconsideration only appropriate when the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension).

### C. Plaintiff cannot now try to recast his Fourteenth Amendment Due Process claim as a Fourth Amendment claim.

There is no case law, certainly none cited in Plaintiff's motion, which holds a Fourteenth Amendment due process claim can be premised on an allegedly fabricated police report not introduced or referenced at trial. As such, Plaintiff shifts gears and attempts to recast his due process claim as a Fourth Amendment claim by arguing he "has a claim against Defendants for the use of the reports that caused his pre-trial detention." MTR, Dkt. 166, p. 9-10. Plaintiff brazenly ignores that his only Fourth Amendment claim, false arrest, was dismissed pursuant to a Rule 12(b)(6) motion because it was untimely. MTD Order, Dkt. 30, p. 5-9. Thus, a Fourteenth Amendment Due Process claim and conspiracy were the only claims pending at summary judgment.[9] MSJ Order, Dkt. 160, p. 2. Now that

---

supported his due process claim, because the content of the report was irrelevant where the report was not introduced into evidence at trial. *Id.* at n.8; *Cruz,* 2024 WL 4753672 at *6.

[8] *See also Starks v. City of Waukegan*, 123 F. Supp. 3d 1036, 1049-50 (N.D. Ill. 2015) (granting summary judgment on due process claim where allegedly fabricated report was not admitted at trial and although defendant officer testified "to the same effect" of the reports' contents, there was no due process remedy because officer had absolute testimonial immunity).

[9] Plaintiff acknowledged his fabrication allegations were premised on a due process violation and not the Fourth Amendment at summary judgment: "Plaintiff brings a fabrication of evidence claim under the due process clause of the Fourteenth Amendment." Pl.'s MSJ Response, Dkt. 133, p. 8-9. *See Cruz v. Guevara,* No. 23 CV 4268, 2024 WL 4753672, *6 (N.D. Ill. November 12, 2024) (finding plaintiff's complaint did not articulate a Fourth Amendment fabrication claim but a Fourteenth Amendment claim where "[t]he caption of Cruz's Count I references only a 'violation of due process' related to the 'fabrication of evidence used at trial.' And within Count I, Cruz cites only the Due Process Clause of the Fourteenth Amendment and his right to a fair trial as the source of his constitutional deprivation…Where Cruz has clearly and expressly alleged an evidence-

11

those claims have been dismissed, Plaintiff attempts to fashion a new pretrial detention claim based on the allegedly fabricated reports.[10] This is plainly improper. Plaintiff's attempt to establish manifest error regarding the dismissal of his *Fourteenth Amendment* due process claim through reliance on case law and argument regarding *Fourth Amendment* pretrial detention claims must be rejected.

In his motion to reconsider, Plaintiff states "a reasonable jury could easily and obviously find that…the fabricated confession supplied the basis for Walker's arrest and prosecution…[and] the reports supplied the basis for the conviction because their content was introduced (via testimony) at trial."[11] MTR, Dkt. 166, p. 9. But there is no false arrest or malicious prosecution claim here, so no jury would need make a probable cause determination as to Plaintiff's arrest and prosecution. A Fourteenth Amendment due process claim based on fabricated evidence is plainly different from a pretrial detention claim based on fabricated evidence, which sounds in the Fourth Amendment. *See DeLaRosa v. Village of Romeoville*, No. 23 CV 7049, 2024 WL 1579394, *2 (N.D. Ill. April 11, 2024) (dismissing due process claim based on defendants' allegedly false police reports leading to his pretrial detention as such a claim rests on the Fourth Amendment, not the Due Process clause as pled by plaintiff); *Lewis*, 914 F.3d at 478, 479 (overturing *Hurt v. Wise,* noting "a claim for wrongful pretrial detention based on fabricated evidence is distinct from a claim for wrongful *conviction* based on fabricated evidence" and a claim for unlawful pretrial detention rests *exclusively* on the Fourth Amendment not the due process clause of the Fourteenth Amendment).

Plaintiff cannot circumvent the roadblock posed by the Fourteenth Amendment's requirement

---

fabrication claim only under the Fourteenth Amendment's Due Process Clause and its guarantee of a fair trial, the Court is reluctant to scrape from his complaint a Fourth Amendment evidence-fabrication claim as well.").
[10] Plaintiff also ignores that this is a new argument, not raised at summary judgment. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (affirming dismissal based on waiver); *Lockhart v. St. Bernard Hosp.*, 538 Fed. Appx. 720, 721 (7th Cir. 2013).
[11] This is incorrect. As established at summary judgment, "False testimony at trial does not give rise to a viable constitutional claim because witnesses are entitled to absolute immunity…This is so even when the false testimony is consistent with fabricated but unadmitted police reports." *Brown,* 633 F. Supp. 3d at 1159-60 (citing *Briscoe,* 460 U.S. at 327) (emphasis added).

that fabricated evidence be introduced at trial by re-writing his Fourteenth Amendment claim, in a Rule 59(e) motion to reconsider, into a Fourth Amendment claim.[12] Therefore, all Plaintiff's references to the pretrial use of the police reports (dkt. 166, p. 4) must be wholly disregarded as they are irrelevant to his Fourteenth Amendment claim.[13]

## II. PLAINTIFF'S *BRADY* ARGUMENT FAILS TO ESTABLISH MANIFEST ERROR AS *BRADY* IS IRRELEVANT TO THE DISMISSAL OF PLAINTIFF'S FABRICATION CLAIM.

Plaintiff argues this Court granted summary judgment in part because Plaintiff could have—but failed to—present his arguments through a suppression of evidence theory under *Brady v. Maryland*, 373 U.S. 83 (1963). MTR, Dkt. 166, p. 2. However, this was not a basis for the Court's granting of summary judgment, but merely a response to Plaintiff's exaggerations in his summary judgment response (dkt. 133, p. 18-19) that dismissal would allow "miscreant" officers to fabricate evidence with impunity. As this Court responded, Plaintiff's "criticism rings hollow" where he "may have an actionable *Brady* claim" and "it is worth noting that absolute immunity from money damages actions under §1983 does not protect against criminal prosecution…In no way does the outcome here give free license to officers to fabricate evidence." MSJ Order, Dkt. 160, p. 10-11. In this passage, clearly the Court was not granting dismissal of Plaintiff's Fourteenth Amendment claim **based on** Plaintiff's failure to allege a *Brady* claim but simply pointing out that there were avenues other than the due process clause to deter "miscreant" officers, such as potential criminal charges for fabrication.

---

[12] Parties may not amend their pleadings through arguments raised in briefs opposing summary judgment, *Swanigan v. Trotter*, 645 F.Supp.2d 656, 676 (N.D. Ill. 2009), they certainly cannot do that in briefs seeking to reconsider summary judgment opinions. *See also Messner v. Calderone,* 407 Fed. Appx. 972, 973 (7th Cir. 2011) (affirming denial of leave to amend complaint filed after plaintiff lost at summary judgment where the "new and old claims arose from the same events, so Messner could have pressed both theories together. Instead he waited until discovery was closed and the defendants had prevailed.").

[13] Notably, Plaintiff failed to cite at summary judgment, any portion of the record indicating the reports were used for his arrest, indictment or pretrial detention. *See Stelter v. Meli*, 2017 WL 663546 (E.D. Wis., Feb. 17, 2017) (a manifest error of law is narrow, applying only to egregious legal error and summary judgment, not reconsideration, is the time for a party's best legal argument; therefore, a party may not make arguments that it could have raised in the original summary judgment motion).

Moreover, the Court did not indicate Plaintiff had a viable *Brady* claim, but simply "may have" an actionable claim.

In this vein, Defendant Officers also responded to Plaintiff's overblown policy claims at summary judgment, stating that "plaintiffs alleging misconduct related to fabricated statements…*do* have avenues of recourse through state and federal claims of malicious prosecution and Fourth Amendment claims of detention without probable cause, among other claims…Plaintiff argues that testimonial immunity 'would eviscerate the fair trial rights guaranteed by the Fourteenth Amendment' but *Briscoe* has been the law since 1983 and that has not at all proven true." Def. MSJ Reply Dkt. 142, p. 10. In short, Plaintiff's grandstanding policy concerns, the same re-hashed arguments he raised at summary judgment, are meritless where there are constitutional claims other than due process claims (or *Brady*) that support a fabricated confession allegation.

But at this juncture, Plaintiff certainly cannot raise new constitutional claims for the first time after his case has been dismissed.[14] The Court's dicta that Plaintiff was not foreclosed from a *Brady* claim was not an invitation to use a Rule 59 motion as a vehicle to amend his complaint nearly four years after it was filed and after his case was dismissed with prejudice. Because Plaintiff has not established manifest error where his dismissal was based on his failure to allege a viable Fourteenth Amendment fabrication claim as a matter of law, Plaintiff's motion to alter judgment must be denied. *See Bailey v. Brennan,* 2017 WL 4558024, *16 (N.D. Ill., June 7, 2017) (plaintiff "has fallen woefully short of the high bar required to successfully obtain a change in judgment."); *Murdale True Value,* 2010 WL 11566102 at *2 (plaintiff "falls far short of satisfying the standard for Rule 59(e) relief. [Plaintiff]

---

[14]And certainly, Plaintiff did waive any *Brady* claim he could have brought in an amended complaint. *See Bordelon v. Chicago School Reform Bd. of Trustees,* 233 F.3d 524, 529 (7th Cir.2000) (Rule 59(e) is not a vehicle for a litigant to undo her own procedural failures). Bizarrely, Plaintiff appears to be seeking an advisory opinion from the Court (dkt. 166, p. 12) whether such an avenue is still open to him. It is not. The prejudice resulting from this undue delay necessitates that this request must be denied. *See Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 953 (7th Cir. 2013); *Lockhart v. St. Bernard Hosp.*, 538 Fed. Appx. 720, 721 (7th Cir. 2013).

has identified no controlling precedent which this Court ignored, overlooked or failed to follow…has identified no manifest error of fact by the undersigned Judge.")

## CONCLUSION

WHEREFORE Defendants respectfully request this Honorable Court deny Plaintiff's Rule 59(e) motion, and order Plaintiff to pay attorney fees and costs associated with this motion practice, and for any further relief the Court deems just.

Dated: March 24, 2025                                    Respectfully submitted,

*/s/ Neha Locke*
Shneur Nathan
Avi Kamionski
Neha Locke
Ephraim Siff
NATHAN & KAMIONSKI LLP
Special Assistants Corporation Counsel
206 S. Jefferson St.
Chicago, IL 60661
nlocke@nklawllp.com

*Attorneys for Defendant Officers*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 24, 2025, the foregoing motion was filed with the Clerk of the Court through the Court's CM/ECF filing system, which will send a copy to all counsel of record.

/s/ Neha Locke