# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HERBERT PITTS,
    Plaintiff

v.

CLAUSELL RAY, *et al.*
    Defendants

No. 20 CV 7355

Judge Jeremy C. Daniel

## ORDER

The defendant's Motion for Summary Judgment [99] is GRANTED and the plaintiff's Motion for Summary Judgment [98] is DENIED for the reasons below. Civil case terminated.

## STATEMENT

**Factual Background**

The plaintiff, Herbert Pitts, was convicted of Aggravated Unlawful Use of a Weapon, 720 ILCS 5/24.1.6(a)(1), ("AUUW") following a bench trial before Judge Thomas M. Davy on September 8, 2005. (R. 100-2 ("Trial Tr.") at 27:9–28:12.)[1] At trial, the sole witness was the defendant in this case, Officer Clausell Ray. (*Id*. at 3.) Officer Ray testified that, on August 21, 2004, he pulled Pitts over for driving with an expired temporary tag and for not wearing a seat belt. (*Id*. at 9:10–15.) During the traffic stop, Officer Ray discovered Pitts did not have a valid driver's license and placed him under arrest. (*Id*. at 9:21–10:9.) Officer Ray testified that, after being placed under arrest, Pitts stated that "I got to be honest with you. I have a gun under the driver's seat." (*Id*. at 10:10–14.) Officer Ray stated he searched Pitts' car and recovered a loaded .32 caliber handgun. After Officer Ray's testimony, the parties stipulated that Pitts had a prior felony conviction. (*Id*. at 22:5–16.) Judge Davy convicted Pitts of one count of AUUW and sentenced him to five years in prison. (R. 100-10.) The conviction and sentence were upheld on direct appeal. (R. 100-11.)

In *People v Burns*, 79 N.E.3d 159, 166 (Ill. 2015), the Illinois Supreme Court ruled that 720 ILCS 5/24.1.6(a)(1) was inconsistent with the Second Amendment and therefore unconstitutional. In light of the decision, the appellate court vacated Pitts'

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate

AUUW conviction in 2020 as part of a direct appeal following his 2016 conviction for aggravated battery with a deadly weapon.[2] (R. 100-21.)

**Procedural History**

Pitts, *pro se*, filed this lawsuit under 42 U.S.C. § 1983, alleging his 2004 arrest and prosecution for AUUW violated his civil rights. (R. 18). His complaint names Officer Ray, the City of Chicago, Judge Davy, the Assistant State's Attorney that prosecuted the case against him, and his defense attorney as defendants. (*Id.*) Following screening under 28 U.S.C. § 1915(e)(2)(B), another judge in this district dismissed Pitts' claims against all defendants except for Officer Ray. (R. 17, 38.) The parties now move for cross-summary judgment on the sole remaining claim: that Officer Ray violated Pitts' Fourteenth Amendment Due Process rights by fabricating evidence. (R. 98, 99).

**Legal Standard**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A fact is 'material' if it is one identified by the law as affecting the outcome of the case." *Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co.*, 796 F.3d 717, 722 (7th Cir. 2015). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In ruling on a motion for summary judgment, the Court "construe[s] all facts and draw[s] all reasonable inferences in the nonmoving party's favor, but the moving party may prevail 'by showing an absence of evidence to support' the nonmoving party's claims." *Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (quoting *Tyburski v. City of Chi.*, 964 F.3d 590, 597 (7th Cir. 2020)). While the Court must give the nonmoving party "the benefit of reasonable inferences from the evidence," it does not construe "speculative inferences in his favor." *White v. City of Chi.*, 829 F.3d 837, 841 (7th Cir. 2016). "Where, as here, the parties file cross-motions for summary judgment, all reasonable inferences are drawn in favor of the party against whom the motion at issue was made." *Tripp v. Scholz*, 872 F.3d 857, 862 (7th Cir. 2017) (citing *Dunnet Bay Constr. Co. v. Borggren*, 799 F.3d 676, 688 (7th Cir. 2015)).

---

[2] The AUUW at issue in this case (and a second AUUW conviction in 2009) were used as aggravating factors when sentencing Pitts in 2016, placing those convictions before the Illinois appellate court which reviewed Pitts' aggravated battery with a deadly weapon conviction. (R. 100-21.)

2

**Defendant's Motion for Summary Judgment**

Officer Ray moves for summary judgment, arguing that because the only evidence presented at trial was his testimony, he is absolutely immune from Pitts' evidence fabrication claim. (R. 99 at 6.) This is correct. An evidence fabrication claim has four elements: "(1) the defendant knowingly fabricated evidence against the plaintiff, (2) the evidence was used at his criminal trial, (3) the evidence was material, and (4) the plaintiff was damaged as a result." *Patrick v. City of Chicago*, 974 F. 3d 824, 835 (7th Cir. 2020). Pitts claims that Officer Ray fabricated or lied about his trial testimony, the police report following his 2004 arrest of Pitts, and the existence of a gun in his car on August 21, 2004. (R. 18 at 4–5). Neither the gun recovered from Pitts' car, nor Officer Ray's police report were used at trial, meaning they cannot be the basis of an evidence fabrication claim. (*See* Trial Tr. at 3). The plaintiff agrees that neither the police reports nor the gun were used at trial. (R. 102 at 5-6 "when none of the police reports . . . were admitted into evidence . . . when the handgun itself was also not introduced into evidence".) That leaves only Officer Ray's testimony. However, Officer Ray is immune to evidence fabrication claims arising solely from his testimony. *Briscoe v. LaHue,* 460 U.S. 325*,* 335–36 (1983). Accordingly, Pitts' claim cannot survive; Ray's motion for summary judgment is therefore granted.

Because summary judgment is appropriate for the sole remaining defendant, Pitts' Motion for Summary Judgment is denied. (R. 98.)

Date: December 12, 2024

JEREMY C. DANIEL
United States District Judge