UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAL WALKER, | |
| Plaintiff, | No. 1:21-CV-02648 |
| v. | Judge Edmond E. Chang |
| CITY OF CHICAGO, *et al.*, | |
| Defendants. | |

ORDER

After Jamal Walker's conviction was vacated in 2020, he filed this lawsuit against the City of Chicago and Chicago police officers Matthew Diblich and Darren Ohle for, among other things, allegedly fabricating evidence against him. R. 1, Compl.[1] At the pleading stage, the Court dismissed certain claims against certain defendants, but permitted other clams to go forward. R. 30, *Walker v. City of Chicago*, 596 F. Supp. 3d 1064, 1072–76 (N.D. Ill. 2022). After discovery, the Court granted summary judgment for the Defendants, explaining that the officers' trial testimony, even if fabricated, is protected by absolute testimonial immunity. R. 160, *Walker v. City of Chicago*, 2025 WL 343471 (N.D. Ill. Jan. 30, 2025). Walker now asks the Court to reconsider that judgment. R. 166, Pl.'s Mot. to Reconsider. For the reasons explained below, the motion is denied.

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

## I. Legal Standard

Within 28 days after entry of judgment, the losing party may move to alter it under Civil Rule 59(e). Fed. R. Civ. P. 59(e). To prevail on a Rule 59(e) motion, the moving party must show that the Court committed a manifest error of law or fact, or that newly discovered evidence requires alteration of the judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). But Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Id.* at 954 (cleaned up).

## II. Analysis

Walker contends that the summary judgment opinion contains a procedural error and legal errors. Both contentions are wrong.

### A. Alleged Procedural Error

Walker first asserts that he did rely on, at the summary judgment stage, the allegedly fabricated police reports as the basis for his due-process evidence-fabrication claim. Pl.'s Mot. to Reconsider at 3–6. In the summary judgment opinion, the Court pointed out that Walker did *not* contend that the police reports had been introduced into evidence at the state trial or otherwise used to even refresh an officer's memory at trial, so the fabrication claim must be premised solely on the officers' trial testimony. R. 160 at 9. Walker now says that he did premise the evidence-fabrication claim on the police reports.

2

But Walker's summary judgment response tells a different story. In reality, it was Walker who criticized the *defense* for trying to "recast" the fabrication claim as relying on the police reports instead of the trial testimony:

> Defendants try to evade this straightforward analysis … by attempting to recast the fabrication of evidence claim as being *about police reports*. Then, since the police reports themselves were not formally introduced as exhibits, Defendants argue that Plaintiff's fabrication claim necessarily fails. …

R. 133, Pl.'s Resp. to Defs.' Summary Judgment Mot. at 7 (emphasis added). Two pages later, Walker again emphasized that the trial testimony was the premise of the claim:

> Here, the fabricated inculpatory statements were not stowed away "in a drawer"; they were placed directly before Plaintiff's criminal factfinder, *through Defendants' testimony* at trial. …

*Id.* at 9 (emphasis added). In these passages, Walker made clear that the trial testimony was the premise of the fabrication claim. He made no argument that the fabrication claim was viable *without* the trial testimony. So there was no misapprehension of Walker's argument. In any event, as explained next, even if Walker had relied on the police reports, that argument would have failed as a matter of law.

### B. Alleged Legal Errors

Walker next contends that the summary judgment opinion made two legal errors. Walker first asserts that "police reports need not be introduced at trial to impact criminal proceedings or harm a criminal defendant in some way." Pl.'s Mot. to Reconsider at 6–10. Second, Walker argues that he did not waive a *Brady* claim and that the Court should not have relied on the (waived) possibility of a *Brady* claim because

3

those claims are "near-impossible" to win. *Id.* at 10–12. Neither argument presents a manifest error of law.

### 1. Police Reports

Walker now argues that police reports can still support a due-process evidence-fabrication claim even if the reports are not introduced at trial. To Walker's way of thinking, as long as the reports were used to harm him "in some way"—at any stage of his criminal prosecution—then he has a viable due-process evidence-fabrication claim. Pl.'s Mot. to Reconsider at 6. As already explained in the summary judgment opinion, R. 160 at 9, that is wrong.

When a plaintiff brings a due-process claim for damages based on fabricated evidence, the fabricated evidence must have been introduced into evidence (or perhaps used to refresh a witness' memory at trial) in order to present a viable claim. *See Patrick v. City of Chicago*, 974 F.3d 824, 834 (7th Cir. 2020) ("If fabricated evidence is later *used at trial* to obtain a conviction, the accused may have suffered a violation of his due-process right to a fair trial.") (emphasis added). Indeed, due-process violations for evidence fabrication are not complete until the fabricated evidence is introduced at trial and results in the conviction and punishment of the accused. *See Avery v. City of Milwaukee*, 847 F.3d 433, 442 (7th Cir. 2017).

Against this, Walker proposes an amorphous standard grounded in no precedent. He argues that introduction at trial is not necessary to support a due-process claim, and that fabricated police reports only need to harm the accused "in some way." Pl.'s Mot. to Reconsider at 6. Walker argues that harming the accused "in some way"

4

includes causing an unlawful pretrial detention. *Id.* at 6–10. But that argument (again) mixes up Fourth Amendment pretrial-detention claims and Fourteenth Amendment due-process claims. At the pleading stage of this case (at the *start* of the case, well before summary judgment), the Court noted that the evidence-fabrication claim in the Complaint could have been pleaded more clearly to rely on the particular constitutional right at the particular stage of the state prosecution:

> A claim for pretrial detention based on fabricated evidence, for example, stems from the Fourth Amendment's right to be free from seizure without probable cause. *Lewis v. City of Chicago*, 914 F.3d 472, 476–78 (7th Cir. 2019). This is different from the use of false evidence to convict someone, which comprises a violation of the right to a fair trial under the Due Process Clause. *Coleman v. City of Peoria, Illinois*, 925 F.3d 336, 344 (7th Cir. 2019) (citing *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)).

596 F. Supp. 3d at 1072 (footnote omitted). So yes of course fabricated evidence can be the premise of a Fourth Amendment pretrial-detention claim. At the pleading stage, the Court pointed out that Walker had not presented that type of claim (at least not yet), cited and quoted the Supreme Court case that explained that type of claim, and noted that the claim does not accrue until after pretrial detention ends (so limitations clock starts later):

> In contrast to a claim for false arrest, pretrial detention without probable cause (including fabricated probable cause) violates the Fourth Amendment even after the start of legal process. "[T]here *is* a constitutional right not to be held in custody without probable cause." *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018) (emphasis original). Claims for unlawful pretrial detention do not accrue until the pretrial detention ends. *Id.* at 670. Walker (who is represented by counsel) has not presented any claim or argument along these lines.

596 F. Supp. 3d at 1072 n.6. If Walker had a viable pretrial-detention claim, then he apparently did not get the hint to bring it.

Rather than grapple with the distinction between Fourth Amendment pretrial-detention claims and due-process evidence-fabrication claims in the summary judgment briefing, Walker's reconsideration motion still misses the distinction. Walker cites to *Avery v. City of Milwaukee*, but there the Seventh Circuit held that "it was the *admission* of the false confession that made [the plaintiff]'s trial unfair"—the police reports of the false confessions were introduced at *trial*. *Id.* at 442 (emphasis added). Simply put, it is well settled that the introduction of the fabricated evidence at trial is a necessary element of the claim. Here, the police reports were not introduced, and the officers' trial testimony is protected by absolute immunity. *E.g.*, *Briscoe v. LaHue*, 460 U.S. 325, 335–36, 342 (1983). The evidence-fabrication claim still fails.

### 2. *Brady*

Next, Walker seems to say that he did present a *Brady* claim in this case, Pl.'s Mot. to Reconsider at 10, and that in any event, the summary judgment opinion should not have rejected the evidence-fabrication claim based on the availability of a *Brady* claim. Walker is wrong on the first point: he did not present a *Brady* claim. And he has the second point backward: the evidence-fabrication claim's dismissal was not *based* on the potential viability of a *Brady* claim (a claim that Walker failed to advance), but instead the Court was simply pointing out that Walker might have been able to salvage a case had he presented a *Brady* claim.

6

On the first point, Walker disclaimed a *Brady* claim at the pleading stage: in his response to the Defendants' dismissal motion, Walker explicitly disavowed that he was advancing a claim based on the concealment of evidence:

> Defendant Officers contend that Mr. Walker's *Brady* claim in Count II should be dismissed for failing to identi[f]y any evidence that was withheld. Defendant Officers argue that Mr. Walker fails to state a Due Process "concealment of exculpatory evidence" claim because the complaint is devoid of any factual details related to what evidence was allegedly withheld or how it was exculpatory. Mr. Walker, however, has *not at this time made a concealment of exculpatory evidence* claim. The header of Count II includes the language "Concealment of Exculpatory Evidence" because that is how the claim is titled in the relevant jury instructions.

R. 24, Pl.'s Resp. to Defs.' Mot. to Dismiss at 2 (emphasis added). Not surprisingly, given this disavowal, the dismissal-motion opinion explained that Walker "admits that he has failed to state a claim for a *Brady* violation or for 'concealment of exculpatory evidence' in Count 2. … Those claims are dismissed because they were not meaningfully developed or responded to in briefing." *Walker*, 596 F. Supp. 3d at 1069.

Even after that disavowal of a *Brady* claim, the Court only dismissed that claim—and, indeed, all of the dismissed claims—without prejudice. *Walker*, 596 F. Supp 3d at 1076. Given that Walker had not yet amended the Complaint, the Court held that "the dismissals are without prejudice to a proposed amendment if discovery warrants it." *Id.* But Walker never proposed an amended complaint. So, again not surprisingly, the summary judgment briefing did not address the non-existent *Brady* claim. R. 125, Defs.' Summary Judgment Br. at 4 n.1 (pointing out that Walker did not amend the Complaint to make a *Brady* claim).

7

On Walker's contention that the Court should not have premised the rejection of the evidence-fabrication claim on the possibility of a *Brady* claim, the short answer is that the Court did no such thing. Instead, the Court was only responding to *Walker*'s alarmist argument that dismissal of the evidence-fabrication claim would be the equivalent of, in his words, "adopt[ing] a rule of law that [officers] are free to fabricate evidence during a police investigation … so long as their written documentation of that fabricated evidence is not directly introduced at trial." Pl.'s Resp. to Defs.' Summary Judgment Mot. at 11 (quoted by R. 160 at 10). The Court explained that, no, an accused can rely on *Brady* to challenge the failure to *disclose* evidence of the fabrication. R. 160 at 10. To repeat: "But, for some reason, Walker expressly waived any claim under *Brady*, 03/31/2022 Order at 4–5 (citing the Plaintiff's dismissal-motion response brief, R. 24 at 2), and did not advance any kind of *Giglio* claim. Far from creating an absurd result, this case serves as a reminder of the importance of the party-presentation principle." *Id.* The evidence-fabrication thus failed on its own, even though a *Brady* claim was always there for the making. Walker says that *Brady* claims are "near-impossible" in false-confession cases, Pl.'s Mot. to Reconsider at 10. But challenging the suppression of evidence of fabrication is indeed another way to challenge fabricated evidence. *Patrick*, 974 F.3d at 834–35 (citing *Lewis*, 914 F.3d at 480; *Avery*, 847 F.3d at 439–43) (explaining that fabricated evidence used to obtain a conviction "might also violate the accused's right to due process under the rubric of *Brady* … if government officials suppressed evidence of fabrication."). In any

8

event, it is indeed true that if a plaintiff fails to present a *Brady* claim, then it is impossible to win it. That is what happened here.

### III. Conclusion

Walker's motion to amend the judgment, R. 166, is denied.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 24, 2025